## Mary Powers, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 18,390.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed February 4, 1914. Rehearing denied February 28, 1914.

### Statement of the Case.

Action by Mary Powers against Chicago City Railway Company to recover damages for personal injuries sustained by plaintiff while boarding one of defendant's cars alleged to have been caused by the negligence of defendant in suddenly starting the car so that plaintiff was thrown to the ground and injured. From a judgment in favor of plaintiff for $1,200, defendant appeals.

JOHN E. KEHOE and A. C. WILD, for appellant; LEONARD A. BUSBY, of counsel.

ROBERT F. KOLB, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Abstract of the Decision.

1. CARRIERS, § 451*—*when averment in declaration as to improper management of street car covers conduct of conductor.* In an action against a street railway company for personal injuries, a count in a declaration containing an averment with reference to the alleged negligence and improper management of a car does not relate solely to the conduct of the motorman, but to the conduct of the conductor as well.

2. EVIDENCE, § 410*—*matters to which physician may testify.* Where plaintiff testified that she suffered a miscarriage in consequence of her injuries, a physician called as a witness for plaintiff may properly be asked whether he made an examination for any conditions that might result from a miscarriage, the inquiry relating to a subject within the issues of the case.

3. INSTRUCTIONS, § 101*—*when instruction as to credibility of witnesses is erroneous and the giving of same prejudicial error.* In an action against a street railway company for personal injuries, an instruction for the plaintiff stating: "The jury are instructed that the fact that any witness in the case is, or has been in the employ of either the plaintiff or defendant, as well as the relations which exist between any witness and either party to the suit, and any interest a witness may have in the result of the suit, so far as the same may be shown by the evidence, may be considered by the jury in determining the weight which ought to be given to the testimony of such witness, taking the same in connection with all the other evidence in the case, and the facts and circumstances proven," *held* improper as applying solely to certain witnesses who testified on behalf of the plaintiff and as assuming that the mere fact that such witnesses were in the employ of defendant was a legitimate ground for discrediting their testimony, and *held* that the giving of such instruction was prejudicial error.

4. INSTRUCTIONS, § 101*—*when improper instruction as to credibility of witnesses is reversible error.* Where a case is extremely close upon the facts, an instruction which improperly informs the jury as to the rule to be applied in weighing the testimony of witnesses who are the employes of one of the parties cannot be *held* to be merely harmless error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.